UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


LAILA ABDI,                        )
                                   )
          Plaintiff,               )    Case No. 3:08-1223
                                   )    Judge Echols/Bryant
          v.                       )
                                   )
UNITED STATES DEPARTMENT OF        )
HOMELAND SECURITY,                 )
                                   )
          Defendant.               )

**TO: The Honorable Robert L. Echols**

<u>**REPORT AND RECOMMENDATION**</u>

          Defendant has filed its motion to dismiss (Docket Entry
No. 7).  When plaintiff failed to respond to this motion, the
undersigned Magistrate Judge entered an order (Docket Entry No. 9)
directing plaintiff to show cause by April 15, 2009, why
defendant's motion to dismiss should not be granted.  On April 8,
2009, plaintiff filed an untitled statement addressed "To Whom It
May Concern" (Docket Entry No. 11), which the undersigned construes
as plaintiff's response in opposition to defendant's motion to
dismiss.

          Defendant's motion to dismiss has been referred to the
undersigned for report and recommendation (Docket Entry No. 3).

<u>**Statement of the Case**</u>

          Using a printed form complaint on which blanks have been
filled by handwritten entries, plaintiff alleges that she has filed
an application for naturalization, and that defendant has failed to

act on that application within 120 days after an examination conducted under 8 C.F.R. § 335.2, as required by 8 C.F.R. § 335.3. Specifically, plaintiff's complaint alleges that she applied for citizenship on June 24, 2003, that she had an initial examination on April 8, 2004, and that, as of the date of filing her complaint, "[i]t has been over (1452) days since initial examination and USCIS has not made a determination." (Docket Entry No. 1, p. 2).

Defendant has filed its motion to dismiss for lack of subject-matter jurisdiction citing Rule 12(h)(3) of the Federal Rules of Civil Procedure. As support for its motion, defendant has filed exhibits to its memorandum in support that show: (1) that USCIS denied plaintiff's application for naturalization on March 23, 2005, on grounds that she had given false information in connection with her application, (2) that plaintiff, through counsel, requested a hearing to contest the denial of her application for naturalization, and (3) that, following a hearing, plaintiff's appeal was dismissed and the denial of her application for naturalization was affirmed on June 5, 2008 (Docket Entry Nos. 8-1, -2 and -3).

In her pro se response (Docket Entry No. 11), plaintiff acknowledges that she was interviewed by "a man" in Syria. Plaintiff states: "I told the man, who I did not understand, that was taking my statement that I was never married, not engaged to protect those that I left behind and myself from possible danger."

2

(Docket Entry No. 11, p. 1). In fact, plaintiff was married when she gave this statement. Plaintiff asserts in her response that she did not understand that the person to whom she gave this false statement was an agent of the United States government, and that she feared that he was a Syrian agent who might use accurate information to retaliate against her or her family members.

### Standard of Review

Although defendant cites Federal Rule 12(h)(3) as the ground for its motion, the undersigned Magistrate Judge finds that, in substance, defendant's motion is properly characterized as seeking dismissal for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure.

In general, Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction come in two varieties. Ohio National Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). On one hand, a *facial* attack on the subject-matter jurisdiction alleged in the complaint challenges the sufficiency of the pleading, and the trial court reviewing this challenge accepts the allegations in the complaint as true. Id. On the other hand, when a motion to dismiss makes a *factual* attack, no presumptive truthfulness applies to the factual allegations. Id. When facts presented to the district court give rise to a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate for finding that subject-matter jurisdiction

3

does or does not exist.  In reviewing such a motion, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.  Id.; see Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  Finally, the plaintiff bears the burden of proving that jurisdiction does in fact exist.  Mortensen, 549 F.2d at 891.

Here, subject-matter jurisdiction in the district court is premised on 8 U.S.C. § 1447(b), which provides as follows:

> If there is a failure to make a determination [regarding an application for naturalization] before the end of the 120-day period after the date on which the examination is conducted under this section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may determine the matter or remand the matter, with appropriate instructions to the Service to determine the matter.

Although plaintiff alleges in her complaint that "[i]t has been over (1452) days since initial examination and USCIS has not made a determination," the defendant's motion papers show that this is not so.  In fact, USCIS denied plaintiff's application on March 23, 2005 and, following an appeal, affirmed its denial on June 5, 2008. Thus, when plaintiff's complaint was filed on December 29, 2008, the USCIS had "made a determination" on plaintiff's application

4

almost four years earlier.[1]

Since it appears that the USCIS had made a determination on plaintiff's application for naturalization before she filed her complaint, the undersigned Magistrate Judge finds that this Court lacks subject-matter jurisdiction of this matter and that defendant's motion to dismiss should be granted.

### **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that the complaint be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a

---

[1]It appears that plaintiff could have sought judicial review in the district court of the final denial of her application for naturalization, but she was required to file a petition for such review within 120 days after the USCIS's final determination. 8 C.F.R. § 336.9. Plaintiff's final determination is dated June 5, 2008, and her failure to seek review by October 3, 2008, renders such a petition untimely.

waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 15th day of April 2009.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge

6